## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina  28612<br><br>      Petitioner<br><br>v.<br><br>RONALD DRINKS<br>27005 Yowaiski Mill Road<br>Mechanicsville, Maryland  20659<br><br>Serve on:<br><br>Thomas C. Costello, Esquire<br>West & Costello, LLC<br>Mercantile Building, Suite 1010<br>409 Washington Avenue<br>Baltimore, Maryland 21204<br><br>and<br><br>FINRA[1]<br>1735 K Street, N.W.<br>Washington, D.C.  20006<br><br>      Respondents | Civil Action No.: |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Petition to Confirm Arbitration Award and states as follows:

1.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.  *See* Exhibit 1.[2]

---

[1] FINRA, the Financial Industry Regulatory Authority, was formerly known as the National Association of Securities Dealers ("NASD").

3.    The instant matter was originally a private arbitration action initiated by Respondent Ronald Drinks against the Petitioner with the National Association of Securities Dealers ("NASD") in the District of Columbia. The action had the NASD Case Number 05-00275.

4.    The action was scheduled for an arbitration but was resolved prior to the arbitration.

5.    After resolution of the case, a Stipulated Award was submitted to the NASD's own arbitration panel overseeing this action.

6.    On September 7, 2006, the NASD's own arbitration panel finalized the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7.    At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8.    Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction." (*See* NASD Rule 10330.)

9.    Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

10.    The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

---

[2] Page 8 to Respondent Drinks's Complaint claims damages in excess of $100,000.

11.    Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12.    In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13.    The NASD's own arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein, including a recommendation of expungement.

14.    Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15.    In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _4th_ of September 2007, a copy of the foregoing

was sent via first class mail to the following:

Betty Brooks, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C.  20006
*Counsel for the Respondent FINRA*

Thomas C. Costello, Esquire
West & Costello, LLC
Mercantile Building, Suite 1010
409 Washington Avenue
Baltimore, Maryland 21204


George S. Mahaffey Jr.

**887096**

FOR THE DISTRICT OF COLUMBIA

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina  28612

      Petitioner

v.

RONALD DRINKS
27005 Yowaiski Mill Road
Mechanicsville, Maryland  20659

Serve on:

Thomas C. Costello, Esquire
West & Costello, LLC
Mercantile Building, Suite 1010
409 Washington Avenue
Baltimore, Maryland 21204

and

FINRA[1]
1735 K Street, N.W.
Washington, D.C.  20006

      Respondents

Civil Action No.:

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Petition to Confirm Arbitration Award and states as follows:

1.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.  *See* Exhibit 1.[2]

---

[1] FINRA, the Financial Industry Regulatory Authority, was formerly known as the National Association of Securities Dealers ("NASD").

3.      The instant matter was originally a private arbitration action initiated by Respondent Ronald Drinks against the Petitioner with the National Association of Securities Dealers ("NASD") in the District of Columbia.  The action had the NASD Case Number 05-00275.

4.      The action was scheduled for an arbitration but was resolved prior to the arbitration.

5.      After resolution of the case, a Stipulated Award was submitted to the NASD's own arbitration panel overseeing this action.

6.      On September 7, 2006, the NASD's own arbitration panel finalized the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7.      At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8.      Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction."  (*See* NASD Rule 10330.)

9.      Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

10.     The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

---

[2] Page 8 to Respondent Drinks's Complaint claims damages in excess of $100,000.

11.    Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12.    In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13.    The NASD's own arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein, including a recommendation of expungement.

14.    Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15.    In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

*Attorneys for Petitioner*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _4th_ of September 2007, a copy of the foregoing

was sent via first class mail to the following:

Betty Brooks, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C.  20006
*Counsel for the Respondent FINRA*

Thomas C. Costello, Esquire
West & Costello, LLC
Mercantile Building, Suite 1010
409 Washington Avenue
Baltimore, Maryland 21204

George S. Mahaffey Jr.

**887096**

4

**Amended Stipulated Award**
**NASD Dispute Resolution**

In the Matter of the Arbitration Between:

<u>Name of the Claimant</u>
Ronald B. Drinks

Case Number: 05-00275

<u>Name of the Respondent</u>
Legacy Financial Services, Inc.
Joseph R. Karsner, IV
Joe Karsner & Associates

Hearing Site: Baltimore, Maryland

Nature of the Dispute: Customer vs. Member and Associated Person

## REPRESENTATION OF PARTIES

For Ronald B. Drinks, hereinafter referred to as "Claimant":  Thomas C. Costello, Esq., West & Costello, LLC, Baltimore, MD.

For Legacy Financial Services, Inc. ("LSI"), Joseph R. Karsner, IV ("Karsner"), and Joe Karsner & Associates ("JKA"), hereinafter collectively referred to as "Respondents": Jeffrey J. Hines, Esq. and Christopher M. Corchiarino, Esq., Goodell, DeVries, Leech & Dann, LLP, Baltimore, MD.

## CASE INFORMATION

Statement of Claim filed on or about: January 19, 2005.
Claimant signed the Uniform Submission Agreement: January 10, 2005.
Statement of Answer filed by Respondents on or about: March 11, 2005.
Respondent LSI signed the Uniform Submission Agreement: March 31, 2005.
Respondent Karsner signed the Uniform Submission Agreement: March 31, 2005.
Respondent JKA signed the Uniform Submission Agreement: March 11, 2005.

## CASE SUMMARY

Claimant asserted the following causes of action: negligent misrepresentation; omission; breach of contract; negligence; negligent supervision; and, unsuitable investment recommendations. The causes of action relate to the purchase of Oppenheimer Main Street Growth & Income, Oppenheimer Capital Appreciation Fund, Neuberger Berman Mid-Cap Fund, a variable annuity contract issued by American Skandia, and Janus Capital Growth Fund in Claimant's account.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.



EXHIBIT

_____1_____

NASD Dispute Resolution
Arbitration No. 05-00275
Amended Stipulated Award Page 2 of 5

## RELIEF REQUESTED

Claimant requested unspecified compensatory damages, costs, and such other and further relief as justice may require.

Respondents requested that the Statement of Claim be dismissed in its entirety and requested that the undersigned arbitrators (the "Panel") issue an order directing that all references to this proceeding and the underlying complaint be expunged from the NASD Central Registration Depository ("CRD") records of Respondent Karsner, and that Respondents be awarded such other and further relief as is deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The parties advised NASD Dispute Resolution that a mediation was held on July 24, 2006, at which time this matter was resolved. Pursuant to the parties' agreement to resolve this matter, the Respondents have the right to move the Panel for expungement without objection by Claimant.

On or about August 17, 2006, the parties filed a proposed Stipulated Award ("Stipulated Award") which recommended expungement of this matter from the NASD CRD records of Respondent Karsner.

On or about August 28, 2006, the Panel entered an order which granted the parties' request for entry of the proposed Stipulated Award.

The parties have agreed that the Stipulated Award in this matter may be executed in counterpart copies or that a handwritten, signed Stipulated Award may be entered.

## AWARD

After considering the pleadings and the proposed Stipulated Award, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1) Pursuant to the resolution of this matter reached between all parties, all claims against Respondents LSI, Karsner, and JKA are dismissed, with prejudice.

2) The Panel recommends the expungement of all references to the above-captioned arbitration from Respondent Karsner's registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to NASD Notice to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents.

Pursuant to Rule 2130, the Panel has made the following affirmative findings of fact:

The claim, allegation, or information is factually impossible or clearly erroneous.

Any and all requests for relief not specifically addressed herein are denied.

## FEES

Pursuant to the NASD Code of Arbitration Procedure ("Code"), the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $  250.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, Respondent LSI is a member firm and party.

| | |
|---|---|
| Member surcharge | = $1,500.00 |
| Pre-hearing process fee | = $  750.00 |
| Hearing process fee | = $2,200.00 |

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

| | |
|---|---|
| April 4-7, 2006, adjournment by Respondents. | = $1,000.00 |

The Panel assessed 50% of the adjournment fees to Claimant and 50% to Respondents, jointly and severally.

### Three-Day Cancellation Fees
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

No three-day cancellation fees were assessed during these proceedings.

### Injunctive Relief Fees
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

No injunctive relief fees were assessed during these proceedings.

### Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the

arbitrator(s), that lasts four (4) hours or less.  Fees associated with these proceedings are:

| | |
|---|---|
| Two (2) Decisions on discovery-related motions on the papers with one (1) arbitrator @ $200.00/motion | = $  400.00 |
| Claimant submitted one (1) discovery-related motion | |
| Respondents submitted one (1) discovery-related motion | |
| One (1) Pre-hearing session with the Panel @ $1,000.00/session | = $1,000.00 |
| Pre-hearing conference:    June 15, 2005        1 session | |
| **Total Forum Fees** | = $1,400.00 |

The Panel has assessed $700.00 of the forum fees to Claimant.
The Panel has assessed $700.00 of the forum fees to Respondents, jointly and severally.

## Administrative Costs
Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services.  These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

No administrative costs were incurred during these proceedings.

### Fee Summary

Claimant is solely liable for:

| | |
|---|---|
| Initial Filing Fee | = $   250.00 |
| Adjournment Fee | = $   500.00 |
| Forum Fees | = $   700.00 |
| Total Fees | = $1,450.00 |
| Less payments | = $1,250.00 |
| Balance Due NASD Dispute Resolution | = $   200.00 |

Respondent LSI is solely liable for:

| | |
|---|---|
| Member Fees | = $4,450.00 |
| Total Fees | = $4,450.00 |
| Less payments | = $4,450.00 |
| Balance Due NASD Dispute Resolution | = $     0.00 |

Respondents are jointly and severally liable for:

| | |
|---|---|
| Adjournment Fee | = $   500.00 |
| Forum Fees | = $   700.00 |
| Total Fees | = $1,200.00 |
| Less payments | = $     0.00 |
| Balance Due NASD Dispute Resolution | = $1,200.00 |

NASD Dispute Resolution
Arbitration No. 05-00275
<u>Amended Stipulated Award Page 5 of 5</u>

All balances are payable to NASD Dispute Resolution and are due upon receipt
pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| William Stephen McGee | - | Public Arbitrator |
| Chris J. Conanan, Esq. | - | Public Arbitrator |
| Byron P. Fusini | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures


_____/s/_____
William Stephen McGee                                     _____
Public Arbitrator                                        Signature Date


_____/s/_____
Byron P. Fusini                                          _____
Non-Public Arbitrator                                    Signature Date


### Dissenting Arbitrator's Signature
I dissent from the recommendation for expungement in that there is no factual basis for
affirmative findings of fact warranting the recommendation.


_____/s/_____
Chris J. Conanan, Esq.                                   _____
Public Arbitrator                                        Signature Date


<u>August 31, 2006</u>_____
Date of Service  (For NASD Dispute Resolution use only)

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

William Stephen McGee          -    Public Arbitrator
Chris J. Conahan, Esq.          -    Public Arbitrator
Byron P. Fusini                 -    Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____
William Stephen McGee
Public Arbitrator

9/7/06
Signature Date

_____
Byron P. Fusini
Non-Public Arbitrator

_____
Signature Date

### Dissenting Arbitrator's Signature
I dissent from the recommendation for expungement in that there is no factual basis for affirmative findings of fact warranting the recommendation.

_____
Chris J. Conahan, Esq.
Public Arbitrator

_____
Signature Date

_____
Date of Service  (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 05-00275
Amended Stipulated Award Page 5 of 5

All balances are payable to NASD Dispute Resolution and are due upon receipt
pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| William Stephen McGee | - | Public Arbitrator |
| Chris J. Conanan, Esq. | - | Public Arbitrator |
| Byron P. Fusini | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures


William Stephen McGee                                    Signature Date
Public Arbitrator


Byron P. Fusini                                          Signature Date
Non-Public Arbitrator


### Dissenting Arbitrator's Signature
I dissent from the recommendation for expungement in that there is no factual basis for
affirmative findings of fact warranting the recommendation.


Chris J. Conanan, Esq.                                   Signature Date
Public Arbitrator


Date of Service  (For NASD Dispute Resolution use only)

06-2006   15:04                                    703 562 2499    P.01/01

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

William Stephen McGee      -      Public Arbitrator
Chris J. Conanan, Esq.     -      Public Arbitrator
Byron P. Fusini            -      Non-Public Arbitrator

### Concurring Arbitrators' Signatures


_____                    _____
William Stephen McGee                       Signature Date
Public Arbitrator


_____                    _____
Byron P. Fusini                            Signature Date
Non-Public Arbitrator


### Dissenting Arbitrator's Signature
I dissent from the recommendation for expungement in that there is no factual basis for affirmative findings of fact warranting the recommendation.

*Chris J. Conanan*                          9/6/06
_____                    _____
Chris J. Conanan, Esq.                     Signature Date
Public Arbitrator


_____
Date of Service  (For NASD Dispute Resolution use only)

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina 28612

58658

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

EFFFF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
    Christopher Corchiarino, Esq.
    Goodell, DeVries, Leech & Dann, L.L.P.
    One South Street, 20th Floor
    Baltimore, MD 21202
    (410) 783-4993

**DEFENDANTS**

RONALD DRINKS
27005 Yowaski Mill Road
Mechanicsville, Maryland 20659
FINRA
1735 K Street, N.W.
Washington, D.C. 20006

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

AT...

Case: 1:07-cv-01581
Assigned To : Leon, Richard J.
Assign. Date : 9/5/2007
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

○ 2 U.S. Government
    Defendant

○ 3 Federal Question
    (U.S. Government Not a Party)

◉ 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ◉ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

○ **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

◉ **E. General Civil (Other)**          OR          ○ **F. Pro Se General Civil**

**Real Property**
☐ 210  Land Condemnation
☐ 220  Foreclosure
☐ 230  Rent, Lease & Ejectment
☐ 240  Torts to Land
☐ 245  Tort Product Liability
☐ 290  All Other Real Property

**Personal Property**
☐ 370  Other Fraud
☐ 371  Truth in Lending
☐ 380  Other Personal Property Damage
☐ 385  Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610  Agriculture
☐ 620  Other Food & Drug
☐ 625  Drug Related Seizure
    of Property 21 USC 881
☐ 630  Liquor Laws
☐ 640  RR & Truck
☐ 650  Airline Regs
☐ 660  Occupational
    Safety/Health
☐ 690  Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**

⊗ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

9 u.s.c. 9

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒   NO ☐    If yes, please complete related case form.

DATE  *7-5-07*    SIGNATURE OF ATTORNEY OF RECORD  *10 SIGNED*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.